**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **DUNCAN E. PARHAM,** | CASE NO. 1: 17 CV 722 |
| Petitioner, | JUDGE CHRISTOPHER A. BOYKO |
| v. | |
| **WARDEN BRADLEY,** | **OPINION AND ORDER** |
| Respondent. | |

**CHRISTOPHER A. BOYKO, J.:**

*Pro se* Petitioner Duncan E. Parham, a state inmate in the Pickaway Correctional Institution, has filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. §2254, challenging his 1991 conviction in the Cuyahoga County Court of Common Pleas for Aggravated Murder With a Firearm Specification. He seeks habeas relief on the grounds that the trial court in his criminal case lacked subject matter jurisdiction over him because the murder indictment was forged.

Pursuant to Rule 4 of the Rules Governing Habeas Corpus Cases Under §2254, a district court is required to examine a habeas petition and determine whether "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4 of the Rules Governing § 2254 Cases; *see also* 28 U.S.C. § 2243. If so, the district court must dismiss the petition. Rule 4; *see also Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" habeas petitions that lack merit on their face).

Upon review, the Court finds that the Petition must be dismissed. "A petitioner procedurally defaults claims for habeas relief if the petitioner has not presented those claims to the state courts

in accordance with the state's procedural rules." *Simpson v. Jones*, 238 F.3d 399, 406 (6th Cir. 2000). When a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review is barred unless the prisoner can demonstrate cause for the default and actual prejudice. *Bonilla v. Hurley*, 370 F.3d 494, 497 (6th Cir. 2004).

The Petition indicates that Petitioner did not raise his claims on direct appeal in his criminal case, but instead, attempted to raise them in a civil declaratory judgment action he filed in state court in 2015. The Ohio courts, however, dismissed his claims because Petitioner failed to raise them in the state's criminal appellate process. *See Parham v. McManamon, et al.*, Case No. 103679, 2016 WL 3092086 (Ohio Ct. App. Eighth Dist. June 2, 2016).

Accordingly, Petitioner's claims are procedurally defaulted and cause and prejudice are not reasonably suggested on the face of his Petition.

**Conclusion**

For the reasons stated above, the Petition for a Writ of Habeas Corpus is denied and this action is dismissed pursuant to Rule 4 of the Rules Governing Section 2254 Cases. The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith and there is no basis on which to issue a certificate of appealability. Fed. R. App. P. 22(b); 28 U.S.C. §2253(c)(2).

IT IS SO ORDERED.

                                                              s/ Christopher A. Boyko
                                                              CHRISTOPHER A. BOYKO
                                                              UNITED STATES DISTRICT JUDGE

DATED: April 27, 2017